### HECK, Plaintiff-Appellant, v. HLAVIN et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22045.   Decided February 5, 1951.

Hedrick & Hedrick, Cleveland, for plaintiff-appellant.

A. A. Neiger, C. J. Koubek, Cleveland, for defendant-appellees.

(STEVENS, PJ; HUNSICKER, J; DOYLE, J, of the 9th District sitting by designation.)

**OPINION**

Per CURIAM:

This action was commenced in the Court of Common Pleas of Cuyahoga County by a petition which claimed triple damages for an alleged rent charge in excess of the claimed legal maximum rent as fixed under authority of the Federal Emergency Price Control Act.

The answer alleges that the premises were released from control under the act through the process of conversion proceedings from housing accommodations. The answer further pleaded an action in the Municipal Court of Cleveland brought by the defendant herein against the plaintiff seeking the possession of the rented premises because of the plaintiff's refusal to pay a higher rent than that previously fixed for the premises as a housing accommodation, in which action the Municipal Court ordered by its judgment a restitution of the premises. The reply of the plaintiff admits the Municipal Court proceedings.

It was claimed by the defendants in the court below that from the pleadings he was entitled to a judgment of dismissal of the petition on the ground of res adjudicata because in the action of forcible entry and detainer the case was tried on the issue that the premises were not housing accommodations for which the legal maximum rent was $27.00 a month but were in truth and fact premises converted to commercial use and not subject to the rate of $27.50 but could be rented for the agreed rent of $85.00 per month and that the plaintiff's refusal to pay the higher rate was sufficient to order an eviction which was accordingly directed.

Upon motion duly made the Common Pleas Court in consideration of this claim entered judgment for the defendant upon the pleadings.

From this judgment appeal was perfected to this court.

In consideration of the claims made in this appeal on questions of law we are confronted with **§10450 GC,** which says:

"Judgments under this Chapter (Forcible Entry and Detainer) either before the justice, or in the Court of Common Pleas, shall not be a bar to a later action brought by either party."

As stated by Pardee, J., in **Price v. Jusande, 19 Oh Ap** at **page 22:**

"This statute is an exception to the general rule relative to res adjudicata, and leaves open for further consideration in a proper court disputes between the parties growing out of the same subject matter * * *."

In addition to the force of the statute, supra, it must further be observed that the action of the plaintiff in the trial court was one at law for damages under a federal emergency rent control act and the issues raised therein were not and could not have been litigated in an action in forcible entry and detainer in the Municipal Court.

If two actions do not involve the same claim, demand and cause of action ordinarily the doctrine of res adjudicata will not be given to the prior judgment.

"To constitute a bar there must be identity not only of the subject matter but also of the cause of action. In other words, a judgment in a former action does not bar a subsequent action when the cause of action prosecuted is not the same, even though each action relates to the same subject matter." **Norwood v. McDonald, 142 Oh St 299,** at **page 305.**

It is the conclusion of this Court that the judgment of the court below in rendering judgment for the defendant on the pleadings was prejudicially erroneous; the judgment will be reversed and the cause remanded for new trial.

In consideration of the cross appeal of the defendant it is obvious that the dismissal of the cross-petition of the defendant Otillia L. Hlavin was error prejudicial to her.

The cause is remanded to the Common Pleas Court for trial in conformity to this opinion. Exc. Order see journal.